UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNELLA RICHMOND MOSES,
Personal Representative of the Estate
of MARIE MOSES IRONS, Deceased,

    Plaintiff,

v.                                                                                                    Case No. 10-14485

PROVIDENCE HOSPITAL AND                                          HON. AVERN COHN
MEDICAL CENTERS, INC., a domestic
non-profit corporation, and PAUL LESSEM,
M.D.,

    Defendants and Third Party Plaintiffs,

v.

CHRISTOPHER WALTER HOWARD,

    Third Party Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND,
DENYING AWARD OF ATTORNEY FEES
AND
REMANDING CASE TO OAKLAND COUNTY CIRCUIT COURT**

I.  Introduction

This is a medical malpractice case under state law initially filed in state court.

Plaintiff Johnella Richmond Moses,[1] as representative of the estate of Marie

Moses-Irons ("Moses-Irons"), sued defendants Providence Hospital and Medical

Centers, Inc. ("Providence") and Paul Lessem ("Dr. Lessem") in Oakland County Circuit

---

[1]There is some confusion as to the identity of the personal representative. Some of the papers name Johnella Richmond Moses, other papers name Valerie Moses.

Court claiming that defendants committed malpractice by releasing Moses-Irons' husband from the hospital ten days before he murdered Moses-Irons.  As will be explained, plaintiff also has pending a separate lawsuit against Providence claiming a violation of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.

Defendants removed the case from state court, asking the Court to exercise supplemental jurisdiction over this case because of the pendency of the federal action.  Before the Court is plaintiff's motion to remand and request for attorney fees.  For the reasons that follow, the motion to remand will be granted, plaintiff's request for attorney fees will be denied, and the case will be remanded to Oakland County Circuit Court.

## II.  Background

### A.  Factual Background

On December 13, 2002, Moses-Irons took her husband Walter Howard ("Howard") to the emergency room of Providence Hospital in Southfield, Michigan because he was exhibiting signs of illness.  His physical symptoms included severe headaches, muscle soreness, high blood pressure and vomiting.  He was also experiencing slurred speech, disorientation, hallucinations and delusions.  Moses-Irons reported these symptoms to the emergency room staff, and also informed them that he had "demonstrated threatening behavior, which made her fearful for her safety."   The emergency room physicians decided to admit Howard to conduct more tests.  Among the physicians who evaluated him during his stay at the hospital were Mark Silverman ("Dr. Silverman"), a neurologist; Dr. Lessem, a psychiatrist; and Djeneba Mitchell ("Dr. Mitchell"), an internist.

Dr. Lessem examined Howard several times during Howard's stay at the hospital. On December 17, 2002, Dr. Lessem determined that Howard was not "medically stable from a psychiatric standpoint," and decided that Howard should be transferred to the hospital's psychiatric unit called 4 East. Howard, however, was not transferred to the psychiatric unit, and instead was informed on December 18, 2002 that he would be released. Howard was released on December 19, 2002, and on December 29, 2002, Howard murdered Moses-Irons.

### B. Procedural History

On December 14, 2004, plaintiff filed a federal action in this district against the hospital and Dr. Lessem, alleging a violation of EMTALA and various negligence claims. Moses v. Providence, 04-74889 (E.D. Mich. 2004). On January 5, 2005, defendants filed a motion to dismiss the complaint, on the ground that EMTALA only provides a right of action for a plaintiff who sought treatment as a hospital's patient. On February 28, 2005, the district court denied defendants' motion.

On June 16, 2005, while the federal action was pending, plaintiff filed a medical malpractice complaint in state court against Providence and Dr. Lessem. The state court complaint contains no federal claims. Defendants made no attempt to remove the state action to federal court.

On August 18, 2005, plaintiff sought leave to file an amended complaint in the federal action to join the state law claim. Leave was granted and plaintiff filed an amended complaint on September 29, 2005.

In their answer to the amended complaint, defendants alleged that plaintiff's medical malpractice claim in federal court is barred by the statute of limitations.

Defendants also filed a motion to dismiss plaintiff's state court action on the grounds that a duplicate action was pending in federal court.

On June 23, 2006, the state court entered an order denying defendant's motion to dismiss and granting plaintiff's request for a stay of proceedings until a determination is made on whether plaintiff is time barred from asserting a medical malpractice claim in federal court.

On May 14, 2007, defendants filed a motion for summary judgment in the federal action, arguing (1) plaintiff does not have standing to sue, because only the individual patient who seeks treatment at the hospital has standing under EMTALA; and (2) EMTALA imposes no further obligation on a hospital once the hospital has admitted a person as an inpatient.

On August 2, 2007, the district court granted defendants' summary judgment motion, dismissed the EMTALA claim and <u>choose not to exercise jurisdiction over the state law claims</u>.  Plaintiff appealed.  On April 6, 2009, the Court of Appeals for the Sixth Circuit affirmed in part, reversed in part, and remanded the case, holding that a triable issue exists on plaintiff's EMTALA claim against Providence.  <u>Moses v. Providence Hospital</u>, 573 F.3d 397 (6th Cir. 2009).  The district court, on remand, reinstated the EMTALA claim against Providence.  The case was later assigned to the undersigned.

On October 19, 2010, plaintiff filed a motion in the state court action to lift the stay and for leave to file a first amended notice of intent, complaint, and affidavit of merit.

Before the state court ruled on the motion to lift the stay, on November 9, 2010, defendants filed a Notice of Removal in the state action, removing it to federal court

based on the pendency of the federal action, citing the supplemental jurisdiction statute, 28 U.S.C. § 1367(a). This case was reassigned to the undersigned as a companion to the federal action.

On November 16, 2010, apparently unaware that the state action had been removed, the state court denied plaintiff's motion to lift the stay motion without prejudice, noting that the state action and federal action should be joined in a single action "if at all possible," and concluding that proceedings in state court should not be revived "unless and until the federal court rejects supplemental jurisdiction."

On December 20, 2010, plaintiff filed the instant motion to remand the state action and for attorney fees.

### III.  Analysis

#### A.

Plaintiff contends that defendants had no right to remove the state action because (1) supplemental jurisdiction does not confer a right to remove, and (2) the removal was untimely. Plaintiff also seeks attorney fees in the amount of $7,500.00.

In response, defendants argue (1) plaintiff's motion to remand is untimely, (2) even if timely, remand should be denied because the Court can exercise supplemental jurisdiction over the state medical malpractice claim, (3) even if removal was improper, the Court should retain jurisdiction because the EMTALA claim and the medical malpractice claim are related, (4) even if removal was improper, the Court should amend the August 2, 2007 order declining to exercise supplemental jurisdiction over the state law claim, and (5) plaintiff is not entitled to attorney fees, and (6) even if the Court were inclined to award attorney fees, the amount requested is more than the actual

costs incurred and is otherwise unreasonable.

B.

Under 28 U.S.C. § 1441, a defendant in a state court action may remove the action to federal court if the state court action could have been originally filed in federal court and the defendant files a notice of removal with the federal court within thirty days after service of the state court complaint. See 28 U.S.C. 1441(a); 28 U.S.C. § 1446. Reviewing the state court complaint, the problem with defendants' removal is clear–the state action is not one in which the Court has original jurisdiction. The state court complaint presents only a state law claim and there is no diversity. Perhaps aware of this deficiency, defendants justified the removal under the supplement jurisdiction statute, 28 U.S.C. § 1367(a), which provides:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within which such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) Because the state action is so related to the existing federal action, defendants argue that removal was proper and this Court should consolidate the proceedings. While this approach does have the benefit of efficiency and avoids the possibility of inconsistent adjudications of similar issues, this argument incorrectly attempts to turn 28 U.S.C. § 1367(a) into an independent source of removal jurisdiction. The Sixth Circuit specifically rejected this approach in Ahearn v. Charter Township of Bloomfield, 100 F.3d 451 (6th Cir. 1996), holding:

> The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, ..., and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute, ... even if the action which a

6

> defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction....

Ahearn, 100 F.3d at 456 (citations omitted).[2] As one court put it, "a defendant may not invoke the supplemental jurisdiction statute to bootstrap an otherwise unremovable action into federal court." Deakle v. Woodall Const. Co., Inc., No. 06-393-KSF, 2007 WL 581668, *2 (E.D. Ky. Feb. 20, 2007). See also Adell v. Whall, 294 F. Supp. 2d 917, 920 (E.D. Mich. 2003) ("For the Court to exercise supplemental jurisdiction over a state law claim, there must be another claim in the action over which the Court has original jurisdiction. See 28 U.S.C. § 1367(a)"). Thus, the removal was improper.

As to whether plaintiff's motion to remand was timely, the Court need only note that there is no time bar on determining jurisdiction, which is exactly what is at issue here. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court [to which the case was removed] lacks subject matter jurisdiction, the case shall be remanded."). As explained above, the removal was improper because there was no jurisdictional basis for it. The Court is free to, and must, consider jurisdiction at any point.

The Court declines to address defendants' alternative arguments in favor of keeping this case. Suffice to say the Court cannot retain a case over which it has no jurisdiction, no matter how related it may be to another case on its docket.

Finally, the Court, in its discretion, declines to award plaintiff attorney fees.

---

[2] Indeed, at the hearing on plaintiff's motion, defense counsel was unable to cite to a case where removal was proper based solely on supplemental jurisdiction.

IV.  Conclusion

For the reasons stated above, plaintiff's motion to remand is GRANTED.

Plaintiff's request for attorney fees is DENIED.

This case is REMANDED to Oakland County Circuit Court.

SO ORDERED.


Dated:  February 10, 2011         s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 10, 2011 by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5160